FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★   JUN 19 2019   ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ADRIANA TORRES, *individually and on Behalf of A.A.M. and K.T, infants*,

                Plaintiff,

v.

STATE OF NEW YORK, et al.,

                Defendants.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
15-CV-5367 (WFK) (RLM)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On September 8, 2015, Plaintiff Adriana Torres, appearing *pro se*, commenced this action against Defendants pursuant to 42 U.S.C. §§ 1983 and 1985, challenging the removal of her infant son on July 24, 2015. By Memorandum and Order dated March 22, 2017, the Court granted Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), denied Jesus Berrios's application to be appointed guardian *ad litem*, denied Plaintiff's application for *pro bono* counsel and dismissed the complaint without prejudice. On July 27, 2017, the United States Court of Appeals for the Second Circuit vacated the judgment and remanded the case to this Court for proceedings to determine competency and representation consistent with *Berrios v. New York City Housing Auth.*, 564 F.3d 130, 134-35 (2d Cir. 2009) and *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 200-01 (2d Cir. 2003). On August 1, 2017, Plaintiff filed an amended complaint now challenging the removal of her infant son and her infant daughter. By Order dated May 17, 2019, the Court adopted the Report filed by Chief Magistrate Judge Mann recommending that Plaintiff be found competent and denying the motion for appointment of a guardian under Rule 17(c) of the Federal Rules of Civil Procedure.

1

For the reasons set forth below, the amended complaint is dismissed as to Family Court Judge Arnold Lim and the Commissioner of New York City Administration for Children's Services ("ACS Commissioner"). Furthermore, any claims on behalf of Plaintiff's minor children are dismissed without prejudice.[1] The amended complaint shall proceed as to the remaining Defendants.

## Background

Plaintiff brings this action alleging that Defendants Katherine Maldonado, Ani Emenogu, Donna D'Amico removed her infant son, A.A.M, on July 24, 2015, and her infant daughter K.T. on February 18, 2016, without her consent. (Am. Compl. at 4, 6.) On July 24, 2015, Plaintiff attended an initial child safety conference with Defendants Maldonado, Emenogu, N. Castillo Pastor, Shalaya Brown and Michael Baio. On July 27, 2015, Family Court Judge Arnold Lim "entered an order ... granting custody of [Plaintiff's] son to [Plaintiff's] mother" and also entered an order of protection directing Plaintiff to, *inter alia*, stay away from her son. *Id.* at 5. Plaintiff seeks declaratory and injunctive relief, along with unspecified damages. *Id.* at 16-17.

## Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir.

---

[1] Plaintiff, as a layperson, cannot represent her minor children. *See Cheung v. Youth Orchestra Foundation of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998). When it is apparent to the Court that a *pro se* plaintiff is suing on behalf of a minor, the Court has a duty to protect the child by enforcing, *sua sponte*, this prohibition against unauthorized representation. *See Wenger v. Canastota Cent. School Dist.*, 146 F.3d 123, 125 (2d Cir. 1998).

2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the Court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation and internal quotation marks omitted); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (same); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action, if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## Discussion

Plaintiff's amended complaint cannot proceed against Family Court Judge Arnold Lim. Judges have absolute immunity from suit for judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (*per curiam*) ("judicial immunity is an immunity from suit, not just from the ultimate assessment of damages.") (citation omitted); *Shtrauch v. Dowd*, 651 F. App'x 72, 73 (2d Cir. 2016) ("It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." (internal quotation marks omitted) (quoting *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009))); *see also Stump v. Sparkman*, 435 U.S. 349, 356 (1978). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 11 (quoting *Stump*, 435 U.S. at 356).

To the extent Plaintiff sues Judge Lim in his individual capacity seeking injunctive relief rather than money damages, the claim must be dismissed. Pursuant to the Federal Courts Improvement Act (FCIA), Pub.L. No. 104-317, 110 Stat. 3847 (1996), § 309(c) bars injunctive relief in any § 1983 action "against a judicial officer for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." *Id.* § 309(c), 110 Stat. at 3853 (amending 42 U.S.C. § 1983). *See Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2004) (injunctive relief); *Guerin v. Higgins*, 8 Fed. Appx 31 (2d Cir. 2001) (declaratory). Plaintiff does not allege that a "declaratory decree was violated" or that "declaratory relief was unavailable." 42 U.S.C. § 1983; *see also Montero v. Travis*, 171 F.3d 757, 761-62 (2d Cir. 1999). As the alleged wrongdoing of this Defendant was an act performed in a judicial capacity, Plaintiff's claim is foreclosed by absolute immunity and is subject to dismissal. 28 U.S.C. § 1915(e)(2)(B)(iii).

In addition, the amended complaint cannot proceed against the ACS Commissioner. As a prerequisite to a damage award under § 1983, a plaintiff must allege the defendant's direct or personal involvement in the alleged constitutional deprivation. "It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farid v. Ellen,* 593 F.3d 233, 249 (2d Cir. 2010) (citation omitted). Here, Plaintiff fails to make any allegations against the ACS Commissioner. A § 1983 complaint that does not allege the personal involvement of a defendant fails as a matter of law. *Johnson v. Barney*, 360 F.App'x 199, 201 (2d Cir. 2010) (summary order); *see also Sealey v. Giltner,* 116 F.3d 47, 51 (2d Cir. 1997). Therefore, Plaintiff's amended complaint is dismissed as to the ACS Commissioner for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

## Conclusion

Accordingly, the action, filed *in forma pauperis*, is dismissed as to Judge Arnold Lim and the ACS Commissioner pursuant to 28 U.S.C. § 1915(e)(2)(B). No summons shall issue as to these Defendants and the Clerk of Court shall terminate these Defendants from the action. The case shall proceed as to remaining Defendants.

The Clerk of Court shall issue a summons as to the remaining Defendants and the United States Marshal's Service shall serve the summons and amended complaint and a copy of this Order upon these Defendants without prepayment of fees. A copy of this Order shall also be served on the Corporation Counsel for the City of New York, Special Federal Litigation Division.

Plaintiff's application for *pro bono* counsel is denied without prejudice.

Plaintiff's claims on behalf of her minor children are dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and *in forma pauperis* status is therefore denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated: June 19, 2019
       Brooklyn, New York

**SO ORDERED.**

/S/ Judge William F. Kuntz, II

WILLIAM F. KUNTZ, II
United States District Judge